**SIGNED THIS: November 06, 2007**

**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DALE A. LUTZ, | ) | No.  07-80936 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

The Debtor, Dale A. Lutz (DEBTOR), filed for relief under Chapter 7 on May 1, 2007, and claims his interest in a 2006 Dodge Ram pickup truck that he owns free of any liens as fully exempt.  He purchased the Dodge truck before bankruptcy with life insurance proceeds that he received following the death of his wife.  The Chapter 7 Trustee, Gary T. Rafool (TRUSTEE), objects on the basis that a new truck is not reasonably necessary for the support of the DEBTOR.  For the following reasons, the Court overrules the TRUSTEE'S objection and allows the exemption.

The DEBTOR'S wife passed away on September 26, 2006.  She had been a quadriplegic since an accident in 1988.  As a result of her condition, the DEBTOR owns a

2001 Chevrolet van that has been specially modified to transport a person in a wheelchair. A wheelchair lift was installed and all of the seats were removed except for the driver's seat.  On Schedule D, the DEBTOR valued the van at $12,500 subject to a lien in favor of Digital Federal Credit Union in the amount of $15,000.  A reaffirmation agreement with the Credit Union has not been filed.  The DEBTOR testified that he could use the van to drive himself around but, because of the modifications, he could not transport passengers.  The DEBTOR also owns a 1991 Chevrolet S10 pickup truck.  He testified that it is in poor condition.

Retired from Caterpillar, the DEBTOR receives a Social Security payment of $1,224 and a pension payment of $735 each month.  Offsetting his monthly income of $1,959 are expenses listed on Schedule J of $1,911, including a scheduled auto loan installment payment of $397, presumably for the van.  After his wife died, the DEBTOR received life insurance proceeds from two policies totaling $18,607.95.  With these proceeds he paid funeral expenses and purchased the Dodge truck for $16,658.33.  The DEBTOR lives alone and has no dependents.

On Schedule C as originally filed, the DEBTOR claimed the Dodge truck fully exempt under 735 ILCS 5/12-1001(h)(3). He also claimed the 1991 Chevy exempt up to the maximum $2,400 amount allowed for any one motor vehicle under 735 ILCS 5/12-1001(c). On Amended Schedule C, filed on August 7, 2007, the DEBTOR added an additional, alternative claim of exemption for the Dodge truck under 735 ILCS 5/12-1001(f).

In addition to objecting to the exemption claimed in the Dodge truck, the TRUSTEE moved to compel the DEBTOR'S turnover of that vehicle and for an extension of the

2

deadline to object to the discharge. An evidentiary hearing was held at which the DEBTOR testified. At the hearing, the TRUSTEE took the position that the exemption claimed in the Dodge truck, as property traceable to life insurance proceeds, is allowable, if at all, under 735 ILCS 5/12-1001(h)(3), which provides for an exemption in:

> (h)  The debtor's right to receive, or property that is traceable to:
> * * *
> (3)  a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor.[1]

The TRUSTEE does not dispute that the DEBTOR was a dependent of his wife for purposes of this provision or that the Dodge truck is traceable to the life insurance proceeds. He challenges only whether a new truck is "reasonably necessary" for the DEBTOR'S support.

The DEBTOR owns two other vehicles. The 1991 pickup, however, is 16 years old and, not surprisingly, in poor condition. The van, with its modifications and inability to carry passengers, is not practical. Under these circumstances, the need for another vehicle that can carry passengers is reasonable.

The TRUSTEE contends that the DEBTOR could get by with another used vehicle rather than a new one. While this may be technically true, as the same could be said of anyone, the question is one of reasonableness. Although the vehicle was purchased "new," it was purchased at the end of the model year for which the DEBTOR received a reduction in price. The vehicle is neither a luxury vehicle nor was it priced like one. Chapter 13

---

[1] In an unnumbered, hanging paragraph, Section 12-1001(h) also provides that property traceable to an award or payment is exempt for a maximum of 5 years after the award or payment accrues. That limitation is not at issue in the case at bar.

debtors that appear in this Court often retain and pay for more expensive vehicles. Construing the provision liberally in favor of the DEBTOR, the Court determines that the 2006 Dodge Ram pickup truck falls within the scope of being "reasonably necessary" for the support of the DEBTOR, as that term is used in Section 12-1001(h)(3).

In light of this ruling, it is not necessary to consider the alternative claim of exemption under Section 12-1001(f). The TRUSTEE'S objection will be denied and the exemption will be allowed. The TRUSTEE'S motion for turnover and motion for an extension of the discharge objection deadline will be denied.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###